UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ANN SEIFULLAH,

                    Plaintiff,

-against-

THE CITY OF NEW YORK; DEPARTMENT OF
EDUCATION OF THE CITY OF NEW YORK; and
CHANCELLOR CARMEN FARIÑA,

                    Defendants.
----------------------------------------------------------------X

**ORDER**

**17-CV-5394 (NGG) (ST)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Ann Seifullah has moved for a preliminary injunction staying a tenured-teacher disciplinary proceeding brought against her pursuant to Section 3020-a of the New York Education Law. (Mot. for Prelim. Inj. ("Mot.") (Dkt. 6).) Plaintiff alleges that, at this proceeding, Defendants will use sexually explicit photographs of her that were found on her Department of Education ("DOE")-issued laptop computer. (Id.; Compl. (Notice of Removal, Ex. A (Dkt. 1)) ¶ 5.) Plaintiff contends that a vindictive ex-boyfriend stole these images from Plaintiff's personal laptop computer and downloaded them to her DOE laptop computer as part of a scheme to extort her. (Mot. at 1; Compl. at ¶ 2.) She alleges that the DOE's own Office of Special Investigations has corroborated her account. (Compl. ¶ 22.)

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Sussman v. Crawford, 488 F.3d 136, 139 (2d Cir. 2007) (emphasis in original) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). "When, as here, a preliminary injunction 'will affect government action taken in the public interest pursuant to a statute or regulatory scheme,' the

1

moving party must demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction." Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton, 841 F.3d 133, 143 (2d Cir. 2016) (quoting Red Earth LLC v. United States, 657 F.3d 138, 143 (2d Cir. 2011)). Of these three prongs, a showing of irreparable harm is the most important. Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009). "To satisfy the irreparable harm requirement, [a plaintiff] must demonstrate that absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent . . . ." Id. (quoting Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007); see also Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (irreparable injury must be "likely," not merely a "possibility," if an injunction is not issued).

Plaintiff's cursory, one-page letter motion fails to show that she would be irreparably harmed if the court does not stay her disciplinary proceeding. Plaintiff contends that allowing her allegedly misappropriated personal photographs to be introduced in her disciplinary hearing will harm her because those photographs will "ultimately be made public." (Mot. at 1; Compl. ¶ 18.) Defendant argues that it is entirely speculative that these photographs will ever become public, because (1) under Section 3020-a, Plaintiff can elect for her disciplinary hearing to be conducted in private;[1] and (2) even if someone were to seek to obtain these records under New York's Freedom of Information Law ("FOIL"), "there is a strong likelihood that such

---

[1] New York Education Law § 3020-a(3)(c)(i)(C) provides that disciplinary hearings "shall be public or private at the discretion of the employee." Defendants represent that this provision applies not only to the hearing itself, but also to "any potential evidence admitted therein." (Defs. Opp'n to Mot. ("Defs. Opp'n") (Dkt. 7) at 2.) See also Hoffmann v. Dep't of Educ. of City of New York, 22 Misc. 3d 1105(A), 875 N.Y.S.2d 820 (Table) (N.Y. Sup. Ct. 2004) (citing Section 3020-a(3)(c) for the proposition that "employees have the option to maintain the confidentiality of disciplinary proceedings and evidence presented therein by electing to keep the hearing private" (emphasis added)).

2

photographs would be exempt from disclosure [as] an 'unwarranted invasion of personal privacy.'" (Defs. Opp'n to Mot. ("Defs. Opp'n") (Dkt. 7) at 2 (quoting N.Y. Pub. Off. Law § 87(2)(b)).) Based on the record before it, the court concludes that Plaintiff has not yet shown that she will suffer "actual and imminent" harm if an injunction is not issued; she has not established how the photographs in question would become public, nor has she pointed to some other means by which the use of these photographs in the disciplinary hearing would cause her irreparable harm.

Because Plaintiff has not established irreparable harm, the court need not consider whether Plaintiff is likely to succeed on the merits of her claims.[2]

For the above reasons, Plaintiff's motion for a preliminary injunction is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2017

/s Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] The court notes, however, that Defendants have offered no explanation of why the photographs in question are relevant to Plaintiff's disciplinary proceeding, which she alleges they are not. (Compl. ¶¶ 5-6, 27, 33, 38.)